U.S. DISTRICT COURT
EASTERN DISTRICT
FILED
2023 AUG 21 P 2:
CLERK OF COURT
1 of

United States District Court
Eastern District of Wisconsin

Brandon A. Morgan,
Plaintiff

Case No. 23C-1105-JPS/NJ

v.

City of New Berlin,
New Berlin Police Department,
Sergeant Saddy (of the New Berlin P.D.),
Officer Helm (New Berlin P.D.),
  Defendant(s).

## Complaint for Damages, Punitive Damages, and Injunctive Relief

This is a verified complaint for damages, punitive damages, and injunctive relief

## I. Introduction

Plaintiff, Brandon A. Morgan, coming forth with allegations, pursuant to 42 U.S.C.A. § 1983, asserting the violation of the rights secured for him by the Constitution of the United States of America, through the Prisoners' Litigation Reform Act, and various other acts and legislation of civil litigation

## II. Jurisdiction

Pursuant to 28 U.S.C.A § 1331, Plaintiff hereby envokes the jurisdiction of this court, as the damages sought are greater than allowed in an inferior court.

## III. Parties

1) Plaintiff, Brandon A. Morgan, was a resident of the State of Wisconsin at all times relevant to the events of this complaint, and is currently housed at Stanley Correctional Institution (100 Corrections Drive; Stanley, Wisconsin 54768-6500).

2) Defendant(s), as aformentioned, committed the actions of complaint; acting in concert under the policies, customs, and/or broad-sweeping acceptance of such, and are listed as follows:

  a) City of New Berlin; the governing municipality, who's Monell liability is attached, as it is liable through its autonomous adaption of the actions, customs, and policies of the other named Defendants, who have decision-making authority hereby granted by the municipality.

  b) New Berlin Police Department; the employing entity of the individual actors, who are

representatives of the NBPD, and who trained and authorized the named individuals to act under such authority.

c) Sergeant Saddy; a police sergeant of the NBPD and the primary actor in the malicious and tortious acts resulting in the violation of the Plaintiff's civil rights.

d) Officer Helm; an officer and co-actor in the aforementioned instance of complaint.

3) All Defendants acted willfully, and under the color of State law, in violation of said laws, as well as various Articles of the Wisconsin State Constitution, and other governing legislation of this State

4) A request for a jury trial is needed at this time.

## IV. Factual Statement

1) On, August 25th, 2023, Defendants (Saddy and Helm) were involved in an alleged stakeout at a BP gas station located at 1900 W. College Ave., in the City of New Berlin; accompanied by other officers of

the New Berlin Police Department (NBPD).

2) Plaintiff, Brandon A. Morgan, a passenger in a vehicle, had arrived at this precise location, entered and exiting the location's parking lot, returning to the vehicle in which he was a passenger. At this point, no actual act of criminality had been committed, warranting no interaction with the Defendants.

3) Upon exiting the gas station's premises, the NBPD immediately gave chase with the vehicle in which Plaintiff was not the driver.

4) Subsequently, the vehicle was involved in an automobile accident, caused by the Defendant's pursuit, and the admitted intentional contact from Defendant's vehicle. Again, no crime had been committed by the Plaintiff at any point of this exchange. After the wreck, Plaintiff attempted to open the vehicle, and was immediately grabbed by the collar and thrown to the ground; Saddy recklessly disregarding the safety of the Plaintiff, not bothering to access the potential for injury to the Plaintiff caused by the vehicle accident.

5) Unwarranted force was immediately applied, as Saddy placed the brunt of his massive frame on Plaintiff's upper back, between his shoulder blades (as reported in his own account of the event). What was omitted was the fact that the Defendant also placed his firearm to the back of my head; actions completely unnecessary in relation to the objective seriousness of the "crime" that was actually "committed" by the Plaintiff on this date.

6) Compounding to the crushing force of the the Defendant's weight of the Plaintiff's upper torso, Saddy began striking the Plaintiff in the head repeatedly for not "complying" with his commands; commands that were inhibited by Defendant's own actions, as his takedown of the Plaintiff forced the Plaintiff into an awkward position, pinning his hands beneath him; rendering him unable to appropriately comply.

7) Shortly after, Defendant (Officer Helm), joined in the assault following the cue of his fellow officer and superior; kicking the Plaintiff and striking him with knee strikes. The Plaintiff's movements were in attempt to brace himself from the assault by freeing his arms to shield himself from the

blatant overreaction by the Defendants.

8) As if the beating wasn't enough, Helm ordered his canine partner to "bite" the Plaintiff during the assault, only ordering Askan (Helm's canine partner) to release after the Plaintiff was in handcuffs. Estimated time of the engaged bite, as reported by the Defendants was approximated at 15 seconds, though seeming much longer in comparison to the damage caused by the canine, and the excruciating pain of the ravishing of the animal and assault of the NBPD.

9) Plaintiff was then commuted to the Froedtart Memorial Hospital, where the extent of the damage assessed resulted in chunks of flesh and muscle tissue being permanently damage and ripped from Plaintiff's extremity during this assault. Months of aftercare were employed before any definitive healing ocurring, and significant weight-bearring would be possible by the Plaintiff. Significant scar tissue is currently visible in the aftermath of the incredulous assault by the Defendants. Their actions, a complete overreaction to the circumstances, as no crime had been actually committed on the day of the assault,

and the Defendants had ample opportunity prior to the incident to detain the Plaintiff from any unprompted suspicion.

10) Defendants cited their overreaction was prompted by the Plaintiff's posture to "flee", however, per their own admissions, there was no opportunity to do so, as the Plaintiff was immediately grabbed and thrown to the ground by Defendants after a vehicle accident. Defendants cite that they assaulted the Plaintiff because of the assumption of the Plaintiff being armed, yet no weapon was found on Plaintiff's person. No definitive evidence that was used to have prompted the alleged stakeout of the BP gas station definitively ID'd Plaintiff, alleviating Defendants of the justification of their half-cocked actions amounting to the deliberate indifference displayed in the unnecessary infliction of the wanton caused by NBPD. The amount of force used was excessive in relation to the seriousness of the issue that brought the Defendants to the incident of complaint.

V. Claims for Relief

Excessive Force

1) Defendants clearly violated Plaintiff's Fourth

Amendment right, by way of an illegal seizure, due to the use of excessive force; as even a layman could see that the relative seriousness of the incident of complaint clearly did not warrant the amount of force utilized to detain, restrain, or apprehend the Plaintiff.

2) Per Defendant's own admission, they only sighted the Plaintiff as a "threat", despite him not being the driver in the chase they ensued. No actual threat existed, as per their own admission, the driver immediate surrendered while they maliciously assaulted the Plaintiff; an act in clear malice, as the Plaintiff's counterpart was at no point, entreated with the same force, making the target on the intended malious apparent. Force was immediately escalated to its maxium sheerly based on the incorrect assumptions of the Defendants. The result of the callous disregard for the Plaintiff's safety resulted in permanent damage/disfigurement of the Plaintiff's person.

### b.) Cruel and Unusual Punishment

Needless to say, the level of Cruelty involved in

situation, also violating Plaintiff's Eighth Amendment rights of the United States Constitution. With a firearm drawn of the Plaintiff, while pinned to the ground on his stomach by a man nearly 100 pounds heavier than him, multiple Defendants began brutalizing the Plaintiff, with him trapped in a defenseless position. As if that weren't enough, a canine was sicced on the Plaintiff, literally tearing flesh from the Plaintiff, until they were satisfied with the state in which the Plaintiff could be detained. The cruelty amounted to the aformentioned assault, severe enough to hospitalize the Plaintiff. Aftercare of the damage required wound care and some rehabilitation in order to regain some semblance of normal functionality of the extremity; affecting the Plaintiff's gait, to a visible extent.

### c) Violation of Various Clauses of the Fourteenth Amendment

Lastly, Defendants violated various clauses of the Fourteenth Amendment of the United States Constitution with the maliciousness displayed. Immediately, the Exclusionary Rule came to mind, as the Excessive Force used by the Defendants in violation of the Fourth Amendment constitute

an illegal seizure, rendering all evidence thereafter tainted. None of their actions can be argued in good faith, as their assumptions of admission were disproven by the facts surrounding their investigation. The foregoing depriving Plaintiff of legal Due Process, as well as presumptive innocence, and the Equal Protections afforded every citizen of the State of Wisconsin and the United States of America. Furthermore, the Defendant's actions were unreasonable, as if probable cause existed to apprehend the Plaintiff, NBPD had ample opportunity to do so almost immediately upon the Plaintiff's legal entry onto the investigated premises; or even before the incident of complaint.

## VI. Requests for Relief

Wherefore, the Plaintiff respectfully request the following relief:

1) Declare that the Defendants violated Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights secured to him by the Constitution of the United States of America.

2) Award Plaintiff damages in the amount of $10,000,000, and punitive damages at a 2 to 1

ratio of 20,000,000

3) Grant any relief that it is seemed the Plaintif is rightfully due.

VII.     Affidavit of Declaration
Pursuant to 28 U.S.C.A. § 1746, I, Branden A. Morgan, under the penalty of perjury, swear the foregoing to be truthful in nature, to the best of my knowledge and ability; on this the 17th and day of August, 2023.
Signed: BAM


Branden A. Morgan, D.O.C. #
100 Corrections Drive
Stanley, WI 54768

# Certification of Mailing

I, Brandon A. Morgan declare under the Penalty of Perjury that this complaint was placed in the Prison Mailbox on this The 17th day of August, 2023

U.S. District Court
Wisconsin Eastern

AUG 21 2023

FILED
Clerk of Court

Brandon Morgan #707207
Stanley Correctional Institution
100 Corrections Drive
Stanley, WI 54768-6500

 

ZIP 54768  $000.24⁰
02 4W
0000388614 AUG. 18. 2023



FOREVER USA

Barn Swallow



Eastern District of Wisconsin
U.S. Marshals Service
AUG 21 2023

Eastern District Court of Wisconsin
United States District Court
C/O Clerk of Courts
517 E. Wisconsin Ave, Rm 362
Milwaukee, WI 53202