# United States District Court

# Eastern District of Wisconsin

Brandon A. Morgan,

Plaintiff

v.

Sergeant Saddy (of the New Berlin P.D),

Office Helm(New Berlin P.D)

Defendant(s)

Case No. 2:23-cv-01105-JPS



**Complaint for Damages, Punitive**

**Damages and Injunctive Relief**

This is a verified complaint for damages, punitive damages and injunctive relief.

**I.** **Introduction**

Plaintiff, Brandon A. Morgan, coming forth with allegations, pursuant to 42 U.S.C.A § 1983, asserts the violation of the rights secured for him by the Constitution of the United States of America, through the Prisoners' Litigation Reform Act, and various other acts and legislation of civil litigation

**II.** **Jurisdiction**

Pursuant to 28 U.S.C.A § 1331, Plaintiff hereby invokes the jurisdiction of the court, as it is Federal Question jurisdiction.

### III. Parties

**(1)** Plaintiff, Brandon A. Morgan, was a resident of the state of wisconsin at all times relevant to the events of this complaint, and is currently housed at Stanley Correctional Institution (100 Corrections Drive: Stanley, Wisconsin 54768-6500).

**(2)** Defendant(s), as aforementioned, committed the actions of complaint; acting in concert under the policies, customs, and/or broad-sweeping acceptance of such, and are listed as follows:

- Sergeant Saddy; a police sergeant of the NBPD and the primary actor in the malicious and tortious acts resulting in the violation of the Plaintiff's civil rights.
- Officer Helm; an officer and co-actor in the aforementioned instance of complaint.

**(3)** All defendant(s) acted willfully, and under the color of state law, in violation of said laws, as well as various articles of the wisconsin state constitution, and other governing legislation of this state.

**(4)** A request for a jury trial is needed at this time.

### IV. Factual statement

**(5)** On, August 25th, 2023, Defendant(s) (Saddy and Helm) were involved in an alleged stakeout at a BP gas station located at 1900 W. College Ave., in the City of New Berlin; accompanied by other officers of the New Berlin Police Department (NBPD).

**(6)** Plaintiff, Brandon A. Morgan, a passenger in a vehicle, had arrived at this precise location, entered and exiting the location's parking lot, returning to the vehicle in which he was a passenger. At this point no actual act of criminality had been committed, warranting no interaction with the defendants.

**(7)** Upon exiting the gas station's premises, the NBPD immediately gave chase with the vehicle in which the plaintiff was not the driver.

**(8)** Subsequently, the vehicle was involved in an automobile accident, caused by the Defendant's pursuit, and the admitted intentional contact from Defendant's vehicle. Again, no crime had been committed by the Plaintiff at any point of this exchange. After the wreck, Plaintiff attempted to open the vehicle and was immediately grabbed by the collar and thrown to the ground; Saddy recklessly disregarding the safety of the Plaintiff not bothering to access the potential for injury to the Plaintiff caused by the vehicle accident.

**(9)** Saddy then assaulted the Plaintiff using unwarranted force immediately applying the brunt of his massive frame of the Plaintiff's upper back, between his shoulder blades (as reported in his own account of the event). what was omitted was the fact that the Defendant also placed his firearm to the back of my head; action completely unnecessary in reaction to the objective seriousness of the "crime" that was actually "committed" by the Plaintiff on this date.

**(10)** Compounding to the crushing force of the Defendant's weight on the Plaintiff's upper torso, Saddy began striking the plaintiff in the head repeatedly for not "complying" with his commands. The Plaintiff was trying to comply with commands but was unable to do so due to the Defendant Saddy's own actions, as his take down of the Plaintiff forced the Plaintiff into an awkward position, pinning his hands beneath him: rendering him unable to appropriately comply. In doing these actions the Defendant Saddy violated the Plaintiff's Forth amendment rights.

**(11)** Shortly after, Defendant (Officer Helm), violated the Plaintiff's Forth Amendment rights by joining in the assault following the cue of his fellow officer and superior; kicking the Plaintiff and striking him with knee strikes. The Plaintiff's movements were made in an attempt to brace himself from the assault by freeing his arms to shield himself from the blatant overreaction by the Defendants.

**(12)** As if the beating wasn't enough Helm ordered his canine partner to "Bite" the Plaintiff during the assault, Only ordering Askan (Helm's canine partner) to release after the Plaintiff was in handcuffs. Estimated time of the engaged bite, as reported by the Defendants was approximated at 15 seconds, though seeming much longer in comparison to the damage caused by the canine, and the excruciating pain of the ravishing of the animal and assault by the NBPD.

**(13)** Plaintiff was then committed to the froedtert memorial hospital, where the extent of the damage assessed resulted in chunks of flesh and muscle tissue being permanently damaged and ripped from Plaintiff's extremity during the assault. Months of aftercare were employed before any definitive healing occurred, and significant weight bearing was not possible by the Plaintiff. Significant scar tissue is currently visible in the aftermath of the incredulous assault by the Defendants. Their actions, a complete overreaction to the circumstances, as no crime had been actually committed on the day of the assault, and the Defendants had ample opportunity prior to the incident to detain the Plaintiff from ant unprompted suspicions.

**(14)** Defendants cited their overreaction was prompted by the Plaintiff's posture to flee however, per their own admission, there was no opportunity to flee. The Plaintiff was immediately grabbed and thrown to the ground by Defendants after the vehicle accident. Defendants cite that they assaulted the Plaintiff because of the assumption of the Plaintiff being armed yet no weapon was found on the Plaintiff's person. There was nothing to identify the Plaintiff as the suspect in the Burglaries at the time of the incident, alievating Defendants of the justification of their heinous actions amounting to the deliberate indifference displayed in the unnecessary infliction of the wanton injuries caused by NBPD. The amount of force used was excessive in relation to the seriousness of the issue that brought the Defendants to the incident of complaint.

**V.**                              **Claim for Relief**

**(a) Excessive Force**

**(15)** Defendants clearly violated Plaintiff's Fourth Amendment rights, by way of an Illegal Seizure, due to the use of excessive force; as even a layman could see that the alleged "crime" of the incident of complaint clearly did not warrant the amount of force utilized to detain, restrain, or apprehend the Plaintiff.

**(16)** Per Defendant's own admission, they only presumed the Plaintiff as a "threat", despite him not being the driver in the chase they ensued. No actual threat existed, as per their own admission, the driver immediately surrendered while they maliciously assaulted the Plaintiff; an act in clear malice, as the Plaintiff's counterpart was at no point, entreated with the same force, making the target on the intended malicious apparent. Force was immediately escalated to its maximum sheerly based on the incorrect assumptions of the Defendants. The result of the callous disregard for the Plaintiff's safety resulted in permanent damage/ disfigurement of the Plaintiff's person.

**(17)** Needless to say, the level of cruelty involved in this situation also violating the Plaintiff's Forth Amendment rights of the United States Constitution. With a firearm drawn on the Plaintiff while pinned to the ground on his stomach by a man nearly 100 pounds heavier than him; multiple Defendant(s) began brutalizing the Plaintiff with him trapped in a defenseless position. As if that weren't enough, a canine was sicced on the Plaintiff literally tearing flesh from the Plaintiff until they were satisfied with the state in which the Plaintiff could be "detained". The cruelty amounted to the aforementioned assault, severe enough to hospitalize the Plaintiff. Aftercare of the damage required wound care and some rehabilitation in order to regain some semblance of normal functionality of the extremity; affecting the Plaintiff's gait, to a visible extent.

## VI. Requests for Relief

wherefore, the Plaintiff respectfully requests the following relief:

**(18)** Declare that the Defendant(s) violated Plaintiff's Fourth Amendment rights secured to him by the Constitution of the United States of America.

**(19)** Award Plaintiff damages in the amount of $3,000,000, and the punitive damages at a 7 to 1 ratio of $21,000,000.

**(20)** Grant any relief that it is seemed the Plaintiff is rightfully due.

## VII. Affidavit of Declaration

Pursuant to 28 U.S.C.A § 1746, I, Brandon A. Morgan, under the Penalty of perjury, swear the foregoing to be truthful in nature, to the best of my knowledge and ability; on this the 24th day of October, 2023.
Signed : _BaM_

Brandon A. Morgan, D.O.C. # 707207

100 Corrections Drive, Stanley, WI 54768-6500

JPS
23C105

# Certification of Mailing

I, Brandon A. Morgan, declare under Penalty of Perjury that I put this letter/Amended compliant to be sent to this court on This 24th day of October, 2023.

Signed: Bam

CLERK USDC EDWI
FILED
2023 OCT 30 P 2: 54

Brandon Morgan #101207
Stanley Correctional Institution
100 Corrections Drive
Stanley, WI 54768-6500

United States District Court
Office of the Clerk
517 E. Wisconsin Ave, Room 362
Milwaukee, Wisconsin 53202

53202-450099

SAINT PAUL MN 55◻
25 OCT 2023 PM 4

ZIP 54768
02 4W
0000388614 OCT
$ 000.24

2:23-cv-01105-JPS Filed 10/30/23 Page 7 of 7 Document